UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RICO FELDER,                            )
                                        )
        PLAINTIFF,                      )
                                        )        Civil Action No. 2:06 CV 319-CSC
        v.                              )
                                        )        **COMPLAINT AND
                                        )        DEMAND FOR JURY TRIAL**
SHEKINAH, Inc., and                     )
ASSET MANAGEMENT SERVICES, Inc., )
                                        )        (Fair Debt Collection Practices Act,
        DEFENDANTS.                     )           Associated State Claims.)

## COMPLAINT

### I. INTRODUCTION

1.  This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter, "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices and state of Alabama common law claims for unjust enrichment, fraud, negligence, breach of contract and invasion of privacy (hereinafter "state claims").

### II. JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 15 U.S.C. § 1681, and 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and 2202. Venue in this District is proper in that Defendants transact business here and the conduct complained of occurred here.

### III. PARTIES

3.  Plaintiff Rico Felder is a natural person over the age of nineteen residing in Montgomery County, Alabama.

4.  Defendant Shekinah, Inc. ("Shekinah") is a California corporation engaged in the business of

collecting debts in this state. This Defendant is unlicensed and unregistered with the State of Alabama. The principal purpose of Defendant is the collection of debts using the mails and telephone. Defendant regularly attempts to collect debts alleged to be due another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

5. Defendant Asset Management Services, Inc. ("Asset") is believed to be a New York corporation engaged in the business of collecting debts in this state. This Defendant is unlicensed and unregistered with the State of Alabama. The principal purpose of Defendant is the collection of debts using the mails and telephone. Defendant regularly attempts to collect debts alleged to be due another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

**ASSET**

6. On or about July, 2004, Defendant Asset contacted Plaintiff by letter demanding payment of $850.00 regarding an overdraft with AmSouth Bank card (Account #4378-0090-5174-8744). The Asset representative explained that the debt was presently owned by Asset. The representative explained that the debt could be settled in full for a smaller amount if Plaintiff would make a lump sum payment immediately. Plaintiff informed the representative that he could and would make a payment when his monthly income check arrived. The representative agreed. In fact, Plaintiff made the agree to payment. Asset considered the debt paid in full. On or about August 6, 2004, Asset forwarded a letter to Plaintiff acknowledging the debt was paid in full.

7. Apparently, sometime thereafter, Asset assigned or transferred the account to another collection agency. Ultimately the account came to be held by Shekinah. It seems, Plaintiff was never given any credit for the amount paid and no consideration was made for the promise to settle the account in full for making the lump sum payment.

**SHEKINAH**

8.   On or about July 5, 2005, Defendant Shekinah contacted Plaintiff by telephone at Plaintiff's place of employment and threatened Plaintiff regarding a debt owed.  Allegedly this debt originated from a bank draft with AmSouth Bank of Alabama.  The Shekinah representative indicated that the amount owed and due was approximately $1200.00.  Shekinah's representative was informed by Plaintiff that he cannot be contacted at work.  Further, Plaintiff vehemently denied the debt.

9.   Several days later, Plaintiff was again contacted by a Shekinah representative on at his place of employment.  The representative harassed Plaintiff demanding immediate payment of the alleged debt.  Again Plaintiff informed Shekinah's representative that he could not be contacted at work.  Later, Plaintiff succumb to pressure from the harassing  telephone  making a payment over the telephone of $350.00.  In order to end the conversation and the harassment, Plaintiff agreed to make another payment.  Plaintiff later changed his mind and did not pay.

10.  On or about September, 2005, Plaintiff was again contacted by representatives of Defendant.  Ultimately, in fear of losing his job, Plaintiff agreed to pay Defendant.  Plaintiff made payment by way of three post-dated checks.  Each check was for $300.00.  Defendant agreed the debt was paid in full and promised not to contact Plaintiff any longer.

11.  Sometime in early January, 2006, Plaintiff was again contacted at his place of employment by a Shekinah representative identifying himself as Mr. David Cribbs.  Mr. Cribbs harassed Plaintiff again.  Mr. Cribbs would call Plaintiff at work several other times.  Mr. Cribbs demanded payment of $184.00.  Plaintiff inquired as to the meaning or purpose of the debt.  Mr. Cribbs stated that Plaintiff knew the debt was owed so he should just pay up.  Later, Plaintiff contacted Shekinah speaking to a Mr. Victor Diaz.  Plaintiff complained to Mr. Diaz of the treatment he had received and demanded that Shekinah send him a letter stating that the debt was paid in full.  Plaintiff

explained to Mr. Diaz that he believed that he did not owe any money and never had. Plaintiff explained that he made the payments simply to stop the harassment especially that of calls to his place of employment.

12. At all times relevant, Shekinah knew or should have known that the alleged debt was not owed by Plaintiff.

### GENERALLY

13. Due to Defendants' harassing tactics Plaintiff was forced to retain the services of an attorney to represent him.

14. The facts considered, Plaintiff assumes that Defendants will continue to pursue the alleged debt. Further, Plaintiff assumes Defendants will continue to violate the Fair Debt Collection Practices Act.

15. As a result of the acts alleged above, Plaintiff suffered headaches, embarrassment, and was forced to hire the services of an attorney.

### COUNT I - VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) (SHEKINAH)

14. Plaintiff repeats and realleges and incorporates by reference paragraphs one through fifteen above.

15. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

A). Attempting to collect a debt not legally owed;

B). Taking illegal actions against the consumer;

C). Continuing to contact Plaintiff at his place of employment regarding the debt;

D). Communicating with Plaintiff in a harassing manner in an attempt to collect a debt;

E). Failure to provide debtor instructions on validation process;

F). Failure to provide validation of the debt;

G.) and, reporting the debt on Plaintiff's credit report.

16.   As a result of the foregoing violation of the FDCPA, defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, costs and attorney's fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

A.      Declaratory judgment that Defendant's conduct violated the FDCPA;

B.      Actual damages;

C.      Statutory damages pursuant to 15 U.S.C. § 1692k;

D.      Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and,

E.      For such other and further relief as the Court may deem just and proper.

### COUNT II - NEGLIGENCE

### (ASSET & SHEKINAH)

17.  Plaintiff repeats and realleges and incorporates by reference paragraphs above.

18.  Defendants' acts as described above were done negligently and without care or concern for the truth or accuracy of the matter asserted and with disregard to Plaintiff's privacy and rights under the law.

19.  Defendants' acts were for the purpose of illegally coercing Plaintiff to pay the alleged debt.

20.  As a proximate consequence of Defendants' conduct, Plaintiff has been embarrassed and

humiliated and emotionally distressed.

21. As a proximate consequence of Defendants' conduct, Plaintiff has been forced to hire an attorney, and incurred expenses for loss of work.

   WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants for the following:

A.     Punitive damages;

B.     Compensatory damages; and,

C.     For such other and further relief as the Court may deem just and proper.

## COUNT III - INVASION OF PRIVACY

### (SHEKINAH)

22. Plaintiff repeats and realleges and incorporates by reference paragraphs one through twenty-two above.

23. Defendant's acts as described above were done negligently and without care or concern for privacy with the purpose of unlawfully coercing Plaintiff to pay the alleged debt.

24. Defendant wrongfully exploited the Plaintiff's privacy in that on at least three occasions Defendant communicated with Plaintiff in a harassing and offensive manner. Such communication invaded the solitude and seclusion of the Plaintiff. These communications were performed by Defendant without legitimate cause or purpose, and thereby invaded the Plaintiff's privacy.

25. As the proximate consequence of the said invasion of privacy Plaintiff was caused to suffer injuries and damages, in that the Plaintiff was shamed, humiliated, and embarrassed.

26. Plaintiff claims punitive damages of the Defendant because of the gross and oppressive nature

of the Defendant's conduct.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

A.    Compensatory damages;

B.    Punitive damages; and,

C.    For such other and further relief as the Court may deem just and proper.

## COUNT IV - BREACH OF AGREEMENT

## (ASSET)

27. Plaintiff repeats and realleges and incorporates by reference paragraphs one through twenty-six above.

28.  Upon demand Plaintiff paid sums to Defendant in agreement that the above-referenced debt would be considered paid in full.  In fact, Defendant acknowledged in writing that it considered the debt paid in full and satisfied.

29.  It is assumed that sometime between August 6, 2004 and July, 2005, Defendant Asset sold, transferred, assigned or otherwise the alleged debt to Defendant Shekinah.

30. This re-assignment of the alleged debt to Defendant Shekinah was an act in direct breach of the agreement between Asset and Plaintiff that the debt was paid in full.  Defendant Asset had no reason or cause to transfer, assign or otherwise forward said account to a third party.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

A.    Compensatory damages;

B.    Punitive damages; and,

C.    For such other and further relief as the Court may deem just and proper.

## COUNT V - FRAUD

## (ASSET & SHEKINAH)

31. Plaintiff repeats and realleges and incorporates by reference paragraphs one through thirty above.

32. Plaintiff contends that Defendant Asset knew that it would assign or transfer the debt to a third party when it agreed to accept payment from Plaintiff.

33. Plaintiff contends that Defendant Asset induced Plaintiff into making his payment knowing that it would not close the account satisfying the debt as paid in full.

34. Plaintiff contends that Defendant Shekinah knew that the debt had been paid in full with a complete satisfaction and release when it contacted Plaintiff for purposes of inducing him to make payment.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants for the following:

A.    Compensatory damages;

B.    Punitive damages; and,

C.    For such other and further relief as the Court may deem just and proper.

## COUNT VI - UNJUST ENRICHMENT

### (ASSET & SHEKINAH)

35. Plaintiff repeats and realleges and incorporates by reference paragraphs one through thirty-four above.

36. Defendants unjustly enriched themselves by unlawfully receiving funds from Plaintiff under false pretenses and without disclosure. Both Defendants deposited and held these payments for their own gain to the exclusion of Plaintiff.

37. Repayment of all funds paid to Defendants is due to be repaid to Plaintiff.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants for the following:

A.    Compensatory damages;

B.    Punitive damages; and,

C.    For such other and further relief as the Court may deem just and proper.

RESPECTFULLY submitted this the __6th__ day of April, 2006.

ANDERSON NELMS
P.O. Box 5059
Montgomery, AL 36103
Phone: (334) 263-7733
Fax: (334) 832-4390
andynelms@jaylewislaw.com
ASB-6972-E63K
Counsel for Plaintiff

THE LAW OFFICES OF JAY LEWIS, LLC
847 S. McDonough Street
Montgomery, Alabama 36104
(334) 263-7733
fax: (334) 832-4390

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by Jury in this action.

**Defendants  may be served at the following addresses:**

Asset Management Services, Inc.

P.O. Box 1040

Syosset, New York 11791


Shekinah, Inc.

7755 Center Avenue, Suite 1000

Huntington Beach, CA 92648